# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

(rev. 4/21/05)

In Re:

**Tony Jupiter**

Debtor.

**CHAPTER 13 PLAN**

Case No. _____

The Debtor proposes an initial plan, which is subject to modification, as follows:

This document and the attached CH. 13 PLAN - DEBTS SHEET (MIDDLE) shall, together, constitute the proposed plan; and all references herein are to corresponding sections of said attached document.

1. **Payments to the Trustee**: The Debtor proposes to pay to the Trustee from future earnings consecutively monthly payments, for distribution to creditors after payment of costs of administration. See "PROPOSED PLAN PAYMENT" section for amount of monthly payment and the duration.
2. **Payments made directly to creditors**: The Debtor proposes to make regular monthly payments directly to the following creditors: See "DIRECT PAYMENT" section. It shall not be considered a violation of the automatic stay if, after the bankruptcy filing, a secured creditor sends to the Debtor payment coupon books or monthly payment invoices with respect to debts set forth in this section of the plan.
3. **Disbursements by the Trustee**: The Debtor proposes that the Trustee make the following distributions to creditors after payment of costs of administration as follows: See "INSIDE PLAN" section. More specifically:
   (A) The following secured creditors shall receive their regular monthly contract payment: See "LTD - Retain / DOT on Principal Res. / Other" section. At the end of the plan, Debtor will resume making payments directly to the creditor on any such debt not paid in full during the life of the plan.
   (B) The following secured creditors shall be paid in full on their arrearage claims over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims): See "Arrearage Claims" section.
   (C) The following creditors have partially secured and partially unsecured claims. The secured part of the claim shall be paid in full over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims): See "STD Retain/Secured Debts (Paid at FMV)" and "Secured Taxes" sections.
   (D) The following secured creditors shall be paid in full over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims): See "STD - Retain / Secured Debts (Pay 100%)" section.
   (E) The following priority claims shall be paid in full by means of deferred payment: See "Unsecured Priority" section.
   (F) The following co-signed claims shall be paid in full by means of deferred payments: See "Cosign / Student Loans (@ 100%)" section.
   (G) After payment of allowed costs of administration, priority and secured claims, the balance of the funds paid to the Trustee shall be paid to allowed general unsecured claims. The exact amount available for unsecured creditors cannot be determined until all claims are filed and allowed. However, at this time, it is anticipated that the return to general unsecured creditors will be not less than the percentage indicated in the "General Unsecured" section.
4. **Property to be surrendered**: The Debtor proposes to retain all property serving as collateral for secured claims, except for the following property, which shall be surrendered to the corresponding secured creditor(s): See "SURRENDER COLLATERAL" section. Unless an itemized Proof of Claim for any deficiency is filed within 120 days after confirmation of this plan, said creditor shall not receive any further disbursement from the trustee. Any personal property serving as collateral for a secured claim which is surrendered, either by in the confirmation order or by other court order, which the lien holder does not take possession of within 240 days of the entry of such order shall be deemed abandoned and said lien cancelled.
5. **Executory contracts**: The Debtor proposes to maintain, but not assume, payments on all executory contracts and leases, except those being rejected. See "REJECTED EXECUTORY CONTRACTS / LEASES" section.
6. **Retention of Consumer Rights Causes of Action**: Confirmation of this plan shall constitute a finding that the Debtor do not waive, release or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.
7. **Standing for Consumer Rights Causes of Action**: Confirmation of this plan shall vest in the Debtor full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the United States Code including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.
8. **Termination of Liens:** Upon the satisfaction of an allowed security claim in a motor vehicle, mobile home, or in any other property of this estate in bankruptcy for which the certificate of title is in the possession of the secured party, the secured party shall within 10 days after demand and, in any event, within 30 days, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the Debtor or the attorney for the Debtor . Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision and upon failure to so comply, such a party will be liable for liquidated and fixed damages of no less than $2,000.00 plus reasonable legal fees and in appropriate cases to special damages and punitive damages. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtor in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtor specifically reserve the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.
9. **Jurisdiction for Non-Core Matters**: Confirmation of this plan shall constitute the expressed consent by any party in interest in this case, or any one or more of them, including all creditor or other parties duly listed in Schedules D, E, F, G, and H, or any amendments thereto, to the referral of a proceeding related to a case under Title 11 of the United States Code to a Bankruptcy Judge to hear and determine and to enter appropriate orders and judgments as provided for by Section 157(c)(2) of Title 28 of the United States Code.
10. **Transfer of Claims**: If a claim has been transferred by the holder thereof after the holder has filed a proof of claim with the Trustee, then the failure of the transferee to file evidence of the terms of the transfer with the Clerk of the Bankruptcy Court, with the Trustee, and with the attorney for the Debtor shall not serve to remove the transferor as a creditor in this case and in such situations all actions taken by the transferee subsequent to the transfer shall be deemed acts of the transferor to the same extent as if the transferee was a duly appointed agent of the transferor acting fully within the course and scope of his, her or its agency.

11. **Obligations of Mortgagors**: Confirmation of this plan shall impose an affirmative duty on the holders of all claims secured by mortgages or deeds of trust on real property of this estate to: (a) apply any payments received from the Trustee under the plan only to the pre-petition arrears provided for in the confirmed plan; (b) apply any payments received form the Trustee under the plan as the same is designated by the Trustee, that is to either pre-petition interest or pre-petition principal as the case may be; (c) apply all post-petition payments received from the Debtor, directly and/or from through the Chapter 13 Trustee, to the post-petition mortgage obligations of the Debtor for the actual months for which such payments are made; (d) refrain from the practice of imposing late charges when the only delinquency is attributable to the pre-petition arrears included in the plan; (e) refrain from the imposition of monthly inspection fees or any other type of bankruptcy monitoring fee without prior approval of the Bankruptcy Court after notice and hearing; (f) refrain from the imposition of any legal or paralegal fees or similar charges incurred post-petition without prior approval of the Bankruptcy Court after notice and hearing; (g) refrain from the use of "suspension accounts" or other similar devices which serve to prevent the immediate application to the account of the Debtor of any mortgage payments of either principal or interest; and (h) refrain from including in any proof of claim filed with the Trustee any post-petition charges or fees of any nature whatsoever for the review of the plan, schedules or other documents filed by the Debtor, for any review and analysis of the loan documents, for the preparation and filing of the proof of claim, and for attending the 341(s) meeting of creditor or a continued meeting of creditors; provided that such fees and charges have not been approved by the Bankruptcy Court after proper notice and hearing. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with these provisions and upon failure to so comply such a party will be liable for liquidated and fixed damages of no less than $2,000.00 for each and every breach thereof plus reasonable legal fees and in appropriate cases to special damages and punitive damages. This provision shall be enforced in a proceeding filed before the bankruptcy Court and each such secured creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtor in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtor specifically reserve the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims herein.
12. **Arbitration**: Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of the plan herein, constitutes waiver of any right(s) of said creditor(s) to seek enforcement of any arbitration agreement and constitutes consent to the removal of any arbitration clause from any type of contract or contracts with the Debtor herein.
13. **Post-petition tax claims**: The Debtor's' plan shall provide for full payment of any post-petition tax claim filed by the Internal Revenue Service which are allowed pursuant to 11 USC 1305 (b), unless the Internal Revenue Service, after a good faith consideration of the effect such a claim would have on the feasibility of the Debtor's Chapter 13 plan, specifically agrees to a different treatment of such claim. However, any future modification of the Debtor's plan to provide for full payment of any allowed post-petition tax claim shall only occur after the filing of a motion requesting a modification of the plan to that effect.
14. **Offers in Compromise**: The Internal Revenue Service shall, pursuant to I.R.C. §7122 (a) (2002) and 11 U.S.C. §§105 and 525 (a), and notwithstanding any provisions of the Internal Revenue Manual, consider any properly tendered Offer in Compromise by the Debtor. This provision shall not be construed to require the Internal Revenue Service to accept any such Offer in Compromise, but the Internal Revenue Service shall consider such Offer in Compromise as if the Debtor were not in an on-going bankruptcy. In the event that an Offer in Compromise is accepted by the Internal Revenue Service and any tax obligation is reduced, the Chapter 13 Trustee shall review the Chapter 13 payment to determine if a reduction is feasible.
15. **Other provisions of plan (if any)**: See "OTHER PROVISIONS" section.

### Definitions

**LTD**: Long Term Debt and refers to both: (1) Debts which cannot be modified due to section 1322(b)(2), and (2) Debts where modification in the plan will not result in a payment lower than the contract payment.

**STD** Short Term Debt and refers to debts where the months left on the contract are less than or equal to 60 months.

**Retain** Means the debtor intends to retain possession and/or ownership of the collateral securing a debt.

\* Means the debtor intends to include at least one(1) post-petition payment in with the arrearage.

Dated: September 20, 2005

s/ Tony Jupiter

_____

Tony Jupiter

| CH. 13 PLAN - DEBTS SHEET (MIDDLE) | Debtor Name(s): Tony Jupiter |
|---|---|

### DIRECT PAYMENT

**Retain Collateral & Pay Debt Outside of Plan**

None

### SURRENDER COLLATERAL

| Creditor Name | Description of Collateral |
|---|---|
| None | Not Applicable |

### INSIDE PLAN

#### Arrearage Claims

| Creditor | ** | Amount of Arrearage |
|---|---|---|
| Countrywide | N/A | $2,559.00 |
| HSBC | N/A | $300.00 |
| Washington Mutual | N/A | $3,510.00 |
| Wachovia Bank | N/A | $457.00 |

#### REJECTED EXECUTORY CONTRACT/LEASES

| Creditor Name | Description of Collateral |
|---|---|
| None | Not Applicable |

| LTD - Retain / DOT on Principal Res. / Other | Mo. Contract Amt. | ** | Type of Collateral |
|---|---|---|---|
| Countrywide | $492.00 | N/A | House & Land: 4803 Barbee Road, Durham, NC  27713 |
| HSBC | $167.00 | N/A | House & Land: 4803 Barbee Road, Durham, NC  27713 |
| Washington Mutual | $675.00 | N/A | House & Land: 416 Idlewood Street, Durham, NC |
| Wachovia Bank | $119.00 | N/A | House & Land: 416 Idlewood Street, Durham, NC |

| STD - Retain / Secured Debts (Paid at FMV) | Payoff Amt. > FMV | Int. % | Type of Collateral |
|---|---|---|---|
| Visons Federal Credit Union | $2,300.00 | 6.5 | Cross-collateral |
| American General | $4,938.00 | 6.25 | Motor Vehicle: Property not owned by debtor |

| STD - Retain / Secured Debts   (Pay 100%) | Payoff Amt. < FMV | Int. % | Type of Collateral |
|---|---|---|---|
| Visons Federal Credit Union | $8,928.00 | 6.5 | Motor Vehicle: 2001 Nissan Frontier |

| Secured Taxes | Secured Amt. |
|---|---|
| I.R.S. | 0.00 |
| State: | 0.00 |
| Real Property: | 0.00 |

| Unsecured Priority | Amount |
|---|---|
| I.R.S. | 0.00 |
| State: | 0.00 |
| Personal Property: | 0.00 |
| Alimony or Child Support/Bad Checks | 0.00 |

| Cosign/Student Loans (@ 100%) | Int. % | Payoff Amt. |
|---|---|---|
| None | N/A | 0.00 |

| General Unsecured | The Lesser of 25% or 57 total monthly payments |
|---|---|

### PROPOSED PLAN PAYMENT

**$2,210.00 a month for 57 months**

### OTHER PROVISIONS

Plan to allow 3 waivers on request

Lien release required on payment of secured claim

** = Includes two (2) post-petition payment in plan.

middle1.wpt (rev.  2/3/05) — Page 3 of 3