```
C-13-7a
(Rev. 5/04)
```

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

In Re:                                              ) ORDER CONFIRMING PLAN
                                                    )       CHAPTER 13
                                                    )
                                                    )
Tony Jupiter                                        ) No. B-05-82598 C-13D
                                                    )
            Debtor.                                 )
                                                    )

     This case came before the Court, after notice and opportunity for hearing, for confirmation of the Chapter 13 plan proposed in this case; and

     **IT APPEARING** to the Court as follows:

A.    The Trustee in this case is Richard M. Hutson, II, Standing Trustee, Post Office Box 3613, Durham, NC 27702;

B.    The attorney for the Debtor is John T. Orcutt;

C.    Under the final plan proposed by the Debtor:

    1.    The Debtor is to make monthly payments to the Trustee which are to be disbursed by the Trustee in accordance with the plan and this confirmation order;

    2.    The monthly plan payment to the Trustee is $2,210.00 beginning 10/14/05;

    3.    Any timely filed priority claims from the following creditors will be paid in full in deferred payments:

PERSONAL PROPERTY TAXES

Any claim for personal property taxes assessed before the commencement of the case and last payable without penalty within one year before the commencement of the case shall be entitled to a priority claim pursuant to 11 U.S.C. §507(a), when said claim is timely and properly filed.

    4.    The treatment for secured creditors and additional provisions of the plan are as follows:

AMERICAN GENERAL

American General                                                     $4,937.58
(1997 Nissan Altima at 6.25% interest)
(title entry 12/17/04)

COUNTRYWIDE HOME LOANS ("COUNTRYWIDE")

The Debtor(s) is/are currently delinquent in mortgage payments to Countrywide. When an arrearage claim is timely and properly filed, the claim shall be allowed in favor of said creditor in an amount equal to the delinquent monthly payments through the month prior to confirmation, without interest, and if necessary, the Standing Trustee's office shall amend the claim to reflect such amount.  Said creditor shall also be paid its regular monthly payments by disbursements under this Plan when said claim is timely and properly filed.  The indebtedness due said creditor is a long-term debt and is nondischargeable pursuant to the provisions of 11 U.S.C. §1328(a).

lp

HSBC MORTGAGE

HSBC Mortgage                         $166.60 per month                  long-term
(deed of trust)

HSBC Mortgage                                                            $173.26
(arrears on deed of trust)

The Debtor(s) is/are currently delinquent in mortgage payments to HSBC Mortgage. An arrearage claim is allowed in favor of said creditor in an amount equal to the delinquent monthly payments through the month prior to confirmation, without interest, and any arrearage claim filed prior to this date shall be amended by the Standing Trustee's office to reflect such amount; and in addition thereto, said creditor shall be paid its regular monthly payments in the amount as set forth above by disbursements under this plan. The indebtedness due said creditor is a long-term debt and is nondischargeable pursuant to the provisions of 11 U.S.C. §1328.

VISION FINANCIAL FEDERAL CREDIT UNION ("VFFCU")

VFFCU                                                                    $8,989.20
(2001 Nissan Frontier at 3.99% interest)
(title entry 9/21/01)

VISION FINANCIAL FEDERAL CREDIT UNION ("VFFCU")

VFFCU                                                                    $2,350.80
(cross collateralization 2001 Nissan Frontier at 6.25% interest)
(title entry 9/21/01)

The claim due VFFCU secured by the above collateral is allowed as secured in the amount of $2,350.80 plus interest at the rate of 6.25% and unsecured in the amount of $1,840.19.

WACHOVIA BANK

The Debtor(s) is/are currently delinquent in mortgage payments to Wachovia Bank. When an arrearage claim is timely and properly filed, the claim shall be allowed in favor of said creditor in an amount equal to the delinquent monthly payments through the month prior to confirmation, without interest, and if necessary, the Standing Trustee's office shall amend the claim to reflect such amount. Said creditor shall also be paid its regular monthly payments by disbursements under this Plan when said claim is timely and properly filed. The indebtedness due said creditor is a long-term debt and is nondischargeable pursuant to the provisions of 11 U.S.C. §1328(a).

WASHINGTON MUTUAL FINANCE ("WASHINGTON MUTUAL")

Washington Mutual                     $653.62 per month                  long-term
(deed of trust)                       $680.89 Beginning November, 2005

Washington Mutual                                                        $3,657.40
(arrears on deed of trust)

The Debtor(s) is/are currently delinquent in mortgage payments to Washington Mutual. An arrearage claim is allowed in favor of said creditor in an amount equal to the delinquent monthly payments through the month prior to confirmation, without interest, and any arrearage claim filed prior to this date shall be amended by the Standing Trustee's office to reflect such amount; and in addition thereto, said creditor shall be paid its regular monthly payments in the amount as set forth above by disbursements under this plan. The indebtedness due said creditor is a long-term debt and is nondischargeable pursuant to the provisions of 11 U.S.C. §1328.

REVIEW OF PLAN

The Standing Trustee shall review this case for an increase in payments in six months if necessary.

REAL PROPERTY TAXES

Any claim for real property taxes, if any, shall be recognized as secured at the interest rate of 9%, when said claim is timely and properly filed.

     5.    The Debtor will pay **THE GREATER OF** the amount necessary to pay all allowed costs of administration, priority and secured claims in full, with the exception of continuing long term debts, and 25% to allowed general unsecured claims OR a minimum of 36 monthly plan payments, with the plan to be reviewed periodically for plan payment adjustments;

     6.    Payments to priority, secured and specially classified creditors will be prorated according to the balance of their claims except where a specific monthly payment is indicated herein;

     7.    There will be no separate payment on arrearage claims unless indicated herein;

     8.    The Debtor will be responsible for payment of continuing long term nondischargeable debts after completion of plan payments;

     9.    The estimated return to unsecured creditors is 25%; and

     **IT FURTHER APPEARING** to the Court that (a) the plan complies with the provisions of Chapter 13, and with other applicable provisions of Title 11 of the United States Code; (b) any fee, charge, or amount required under Chapter 123 of Title 28 of the United States Code, or by the plan, to be paid before confirmation has been paid; (c) the plan has been proposed in good faith and not by any means forbidden by law; (d) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 on such date; (e) with respect to each allowed secured claim provided for by the plan: (i) the holder of such claim has accepted the plan; or (ii) the plan provides that the holder of such claim retain the lien securing such claim and the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim or (iii) the Debtor surrenders the property securing such claim to such holder; (f) to the extent that the plan calls for payments for a period longer than three years, good cause has been shown for the longer plan period; and (g) the Debtor will be able to make all payments under the plan and to comply with the plan, and that the plan should be confirmed in accordance with the terms and conditions of this order; therefore, it is

     ORDERED as follows:

     1.    The plan is confirmed.

     2.    The Trustee shall collect and disburse the plan payments in accordance with the plan and this confirmation order as soon as practicable.

     3.    The plan payments shall continue as provided in the plan and this order until voluntarily increased by the Debtor or until further orders are entered affecting the plan or the payments.

     4.    The attorney for the Debtor is allowed a fee in the amount of $1,500.00 to be paid by the Trustee at the rate of $150.00 per month unless otherwise ordered by the Court.

     5.    The Trustee shall receive from plan payments such expenses and compensation as provided under the Bankruptcy Code and orders of this Court.

     6.    The Debtor shall not incur any indebtedness without the approval of the Trustee or this Court. All credit cards shall be canceled and surrendered immediately.

     7.    The Debtor shall not transfer any interest in property without the prior approval of this Court.

8. The Debtor shall maintain collision insurance on any vehicle on which there is a lien. If insurance is not maintained, the Debtor is ordered to store the vehicle as directed by the Trustee.

9. The employer of the Debtor shall deduct and remit funds from the wages, salary or commissions of the Debtor as directed by the Trustee.

10. Providing for a claim under this plan does not bar objections to the claim.

11. Notwithstanding any provision of the plan to the contrary, all property of the estate, as specified by 11 U.S.C. §§541 and 1306, shall continue to be property of the estate following confirmation.

12. The property serving as collateral for secured claims is valued at the amounts allowed herein with the exception of fully secured claims for which the value is deemed to be equal to or greater than the allowed secured claim. The property serving as collateral for secured claims is required by the Debtor for successful completion of the plan.

13. Notwithstanding the allowance of a claim as secured, all rights under Title 11 to avoid liens are reserved and confirmation of the plan is without res judicata effect as to any action to avoid a lien.

14. Any continuing long term debt claimant being paid through disbursements by the Trustee is required to report any change in the monthly payment amount to the Trustee within 30 days from the effective date of the change. Any continuing long term debt claimant being paid directly by the Debtor is required to report any change in the monthly payment amount to the Debtor within 30 days from the effective date of the change.

15. All insurance and warranty coverage on unsecured general claims is canceled and the claim must reflect cancellation and rebate to the account unless provided otherwise herein.

16. The Internal Revenue Service and the North Carolina Department of Revenue are authorized to offset any refund due the Debtor against any allowed secured or priority claim and to issue refunds directly to the Debtor unless otherwise ordered by this Court or instructed by the Trustee.

17. All creditors during the pendency of this case are restrained from commencing or continuing any civil action or attempting in any manner whatsoever to collect all or any part of a consumer debt proposed to be paid under this plan from any individual that is liable on such debt with the Debtor as endorser, guarantor or co-maker unless further ordered by the Court.

18. The Trustee is authorized to record on the public records such documents as the Trustee may deem advisable for the purpose of giving all persons notice of this case.

RICHARD M. HUTSON, II
STANDING TRUSTEE
P.O. BOX 3613
DURHAM, NC 27702-3613